*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-223

JANUARY TERM, 2015

| | | |
|---|---|---|
| Michael Rinaldo | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Green Mountain Self Storage and Jim O'Dell | } | DOCKET NO. 332-8-13 Bncv |

Trial Judge: John P. Wesley

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's order granting summary judgment to defendants and dismissing his complaint with prejudice. We affirm as to defendant Green Mountain Self Storage ("Green Mountain"), but reverse and remand as to defendant Jim O'Dell.

The record indicates the following. In August 2013, plaintiff sued Green Mountain alleging that it had illegally sold his personal property from several storage units and that it was scheduled to sell more of his property at an auction on August 17, 2013. Plaintiff asserted that certain storage units were "his" although they had been rented by others. O'Dell apparently purchased the contents of a storage unit that had been rented by someone other than plaintiff. Plaintiff suggested that he had an agreement with O'Dell to recover his belongings, and that according to O'Dell's girlfriend, O'Dell was not going to turn over plaintiff's belongings. Plaintiff also alleged that Green Mountain violated his constitutional rights. He claimed to have suffered $12.5 million in damages.

In conjunction with his complaint, plaintiff also filed a motion for a temporary restraining order, seeking to prevent his property from being sold at the August 17 auction. The court denied plaintiff's request. It found that plaintiff failed to establish a clear right to relief because the evidence showed that plaintiff had been given notice by Green Mountain of unpaid storage fees and the potential sale of the property if payments were not made, and Green Mountain had published notice in the newspaper concerning the sale of plaintiff's property.[1]

---

[1] On August 21, 2013, plaintiff also filed a "motion to vacate trespass order." The court found that, while some aspects of this filing related to the events set forth in plaintiff's complaint, the request for relief was completely separate. Thus, it either should have been made as a separate cause of action in a new case, or it should have been presented as a motion to amend the complaint to add a cause of action. As framed, the court explained, the "request to vacate trespass order" did not establish a basis for relief that could be granted by motion. The

On April 2, 2014, Green Mountain moved for summary judgment. It argued that plaintiff could not sustain a claim for the illegal sale of his property because plaintiff's property had not in fact been sold; plaintiff had no standing to challenge the sale of property from other storage units; and plaintiff could not sue Green Mountain for violating his due process rights because Green Mountain was not a state actor. The court found that plaintiff did not challenge any of the undisputed facts identified by Green Mountain.[2]

In a June 2014 decision, the court granted Green Mountain's motion for summary judgment. It found that Green Mountain did not violate 9 V.S.A. § 3905 because it was undisputed that Green Mountain did not sell property from the storage units rented by plaintiff. See 9 V.S.A. §§ 3904, 3905 (stating that owner of self-storage facility has possessory lien upon all personal property located in storage space at self-storage facility, and providing procedure by which lien may be enforced). In fact, Green Mountain indicated that it wanted plaintiff to retrieve his belongings and that it would forgive plaintiff's unpaid debts. This claim therefore failed.

The court found that plaintiff's second claim failed as well. Plaintiff asserted that he owned some of the property in storage units rented by other individuals and that Green Mountain sold this property at auction. The court explained that 9 V.S.A. § 3905 provided protections to lienholders but did not require a storage unit owner to give notice to a third party who claimed ownership without proof.

Finally, the court found that plaintiff could not show that Green Mountain violated his rights under the Fourteenth Amendment of the United States Constitution. Plaintiff did not allege that Green Mountain was a state actor or that it acted on behalf of the State. As the court recognized, parties may not sue private individuals or organizations for constitutional violations unless they act on behalf of a state or government. See Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991) (discussing test for when private party functions as state actor). In this case, plaintiff could not maintain his suit because Green Mountain acted as a private party. The court thus concluded that Green Mountain was entitled to summary judgment, and it dismissed plaintiff's complaint with prejudice. This appeal followed.

---

court thus denied the motion. Plaintiff asserts on appeal that the court should have granted this motion. He offers no persuasive argument in support of this assertion. We find no basis to disturb the court's ruling.

[2] The record indicates that on May 1, 2014, plaintiff requested an extension of time to review documents, complete discovery, and/or respond to the motion for summary judgment. He indicated that he was moving into a new residence and that an animal bite had impaired his ability to write. The court granted the motion in part. It found that plaintiff failed to indicate specifically why he needed more time to engage in discovery necessary to a fair consideration of Green Mountain's motion for summary judgment. Green Mountain did not oppose granting plaintiff a reasonable time to respond to the motion. The court thus gave plaintiff until June 13, 2014, to respond. Plaintiff filed a response to the motion on that date. Plaintiff argues on appeal that the court should have granted his motion for an extension of time. In fact, the court did grant the motion. To the extent that the request was also denied in part, the court did not abuse its discretion in so ruling.

Plaintiff makes numerous arguments, setting forth his version of events and complaining about various actions by defendants and by the court. We emphasize that the only question before this Court is whether the trial court erred in granting summary judgment to defendants. We review the court's decision using the same standard as employed below. Richart v. Jackson, 171 Vt. 94, 97 (2000). Summary judgment is appropriate when, "taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Id.; V.R.C.P. 56(a). We conclude that summary judgment was properly granted to Green Mountain, but we cannot reach the same conclusion, on this record, as to defendant O'Dell.

We begin with plaintiff's claims against Green Mountain. As the trial court found, it is undisputed that Green Mountain has not sold the property in the storage units rented by plaintiff. Thus, any claim for damages related to the alleged "illegal sale" of such property must fail. Assuming the court's order denying temporary injunctive relief is properly before us, we find no error in the court's ruling on this point as well. The court identified valid grounds for its decision, and as the court's final judgment shows, not only did plaintiff fail to show that he had a clear right to relief, he in fact was entitled to no relief at all against Green Mountain. Moreover, it is undisputed that plaintiff's property in the two units plaintiff rented is available and that Green Mountain seeks to have plaintiff pick it up at no cost to plaintiff.

As to the sales from other units, Green Mountain had the statutory right to sell this property. See 9 V.S.A. § 3904 (stating that owner of self-storage facility has possessory lien upon all personal property located in storage space); see also id. § 3905 (providing process for enforcing lien and stating that good-faith purchaser of personal property sold to satisfy a lien takes such property free of any rights of the person against whom the lien was valid). While an "occupant" may avoid a sale by "pay[ing] the amount necessary to satisfy the lien in full and the reasonable expenses incurred," id. § 3905(6), plaintiff was not an "occupant" with respect to units rented by others. See id. § 3901(2) (defining "occupant" as "person, successor, assignee, agent, or representative entitled to the use of storage space in a self-storage facility under a rental agreement to the exclusion of others"). He is not another "lienholder" as defined by statute. See id. § 3905(8). Plaintiff is a stranger to the contract between Green Mountain and the individuals who rented the storage units at issue. Accepting as true plaintiff's allegation that the property located in the storage units rented to other individuals was his, the applicable law did not provide him the right to prevent Green Mountain from enforcing its statutory possessory lien in the contents of those storage lockers. We discern no legal basis for plaintiff's claim, and we thus find no error in the court's decision to grant summary judgment to Green Mountain on this claim. Finally, we find no basis to disturb the court's ruling as to plaintiff's constitutional claim against Green Mountain.

We turn to the claim against defendant O'Dell. It appears from plaintiff's complaint that he alleged an agreement between himself and O'Dell as to the disposal of the contents of a storage unit that had been rented by a third party. In his answer, O'Dell denied having any such agreement with plaintiff. O'Dell indicated that, at the request of Green Mountain, he had returned personal papers belonging to plaintiff to the storage unit so they could be returned to plaintiff. O'Dell stated that the rest of the material in the storage unit was junk—boxes containing mice-eaten food, a wooden desk that was falling apart, and items allegedly stolen from the Goodwill dumpster—and these materials had been disposed of. O'Dell did not move

3

for summary judgment, however, and the court did not explain why its reasoning as to Green Mountain applied to O'Dell. We cannot determine on this record that O'Dell is entitled to summary judgment. We thus reverse the court's decision as to O'Dell and remand for additional proceedings.

We have considered all of the arguments discernible in plaintiff's brief and, with the exception of the dismissal of plaintiff's complaint against defendant O'Dell, we find no basis to disturb the trial court's decision.

Affirmed as to defendant Green Mountain Self Storage; reversed and remanded as to defendant Jim O'Dell.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice